UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MARY LEE, individually and on behalf of                    PLAINTIFF
the wrongful death beneficiaries of
Joseph Tilton Lee, Deceased

V.                                CIVIL ACTION NO. 3:23-CV-27-KHJ-MTP

UNITED STATES OF AMERICA, et al.                           DEFENDANTS

ORDER

Before the Court is the Government's [3] Motion to Dismiss. The Court denies

the motion for the following reasons.

I.      Background

This case arises from the death of Joseph Tilton Lee, who was treated at the

G.V. Sonny Montgomery VA Medical Center ("VA") in Jackson, Mississippi. For

years, Mr. Lee "received and depended on treatment, care, guidance, tests,

screenings, evaluations, checkups, advice, reports, and . . . other services" at the VA.

Compl. [1] ¶¶ 2, 15. Sometime during his treatment, the VA advised Mr. Lee that a

nodule had developed in his lung. *Id.* ¶ 17. But it assured Mr. Lee and his wife—

Plaintiff Mary Lee—that he did not have cancer. *See id.* Mr. Lee was suffering from

cancer, however, and the VA's improper diagnosis "diminished his lifespan [and]

deteriorated his health." *Id.* ¶ 19. Eventually, Mr. Lee's cancer caused him to suffer

cardiopulmonary arrest and a stroke, and he died on March 23, 2020. *Id.* ¶ 20. An

autopsy was performed the next day, and Ms. Lee learned for the first time that Mr. Lee had lung cancer. *Id.* ¶ 21; Aff. Mary Lee. [7-1] ¶ 6.

Just under two years later, Ms. Lee wrote a "Notice of Claim and Intent to Sue" letter to send to the VA. *See* [1-1]. The letter supplied Mr. Lee's name, birthdate, a summary of the facts leading to Ms. Lee's claim, the legal basis for her claim, and a demand for "no less than $1,500,000 in total damages." *Id.* at 1–2.

Ms. Lee alleges she sent the letter to the VA on March 17, 2022, via express mail. Pl.'s Mem. Resp. Def.'s Mot. Dismiss [8] at 2; [7-4]. The letter was supposed to arrive by 6:00 p.m. on Friday, March 18, but the online tracking "did not reflect that delivery occurred and instead stated it was 'Available for Pickup'" at the Jackson Post Office. [8] at 3; *see also* [7-5]. Concerned that the VA did not receive the letter, Rimen Singh, one of Ms. Lee's attorneys, called the Post Office, who informed Singh it was "investigating the matter." [8] at 3; [7-5] at 3. On Saturday, March 19, Singh called the Post Office again and the VA to check the status of the letter but could not confirm delivery. [8] at 3.

To be sure, William T. May, Ms. Lee's other attorney, drove from Meridian, Mississippi to the Jackson VA to hand-deliver a copy of the letter on Monday, March 21. [8] at 4; Aff. William May [7-6] ¶ 2. When he arrived, the Regional Counsel's office was closed, and a security officer told him to leave the letter at the information center. [7-6] ¶ 5. But the information center was also closed, so May left the letter on the information-desk counter. *See* [7-6] at 7.

On Tuesday, March 22, Singh alleges he received a phone call from the Post Office and the VA confirming that the letter had been delivered. [8] at 4–5. But he does not supply the name of either individual he talked to. *See id.* Finally, on Monday, March 28, the Post Office re-opened its investigation into the March 17 letter. [7-7]. It determined that the letter was picked up at the Post Office on Monday, March 18. [7-8] at 1; [7-9] at 1.

Still, the VA claims it never received the March 17 letter. Def.'s Mem. Supp. Mot. Dismiss [4] at 2; Decl. Cynthia Hernandez [3-1] ¶ 6. And it claims it did not receive the hand-delivered letter until March 29, consistent with the stamp on Ms. Lee's Notice of Claim. [4] at 2; [3-1] at ¶¶ 4–6.

On May 20, 2022, Ms. Lee filed her first FTCA action. [4] at 2. While that action was pending, the VA requested a copy of Mr. Lee's death certificate to assist with its investigation, but Ms. Lee did not provide it. *Id.* On January 10, 2023, Ms. Lee's first case was dismissed without prejudice for failure to exhaust her administrative remedies because she did not wait six months after sending her Notice of Claim before filing her lawsuit. *Id.* Two days later, she filed this lawsuit. *See* [1]. The Government now moves to dismiss this case, alleging (1) Ms. Lee did not properly present her claim to the VA before suing and (2) Ms. Lee did not comply with the FTCA's two-year statute of limitations. [4] at 4–9.

II.      Standard

   A.  Rule 12(b)(1)

The FTCA's exhaustion requirement is a "jurisdictional prerequisite for FTCA claims that cannot be waived." *Jenkins v. TriWest Healthcare All.*, No. 22-30429, 2023 WL 1814885, at *1 (5th Cir. 2023) (per curiam) (quoting *Coleman v. United States*, 912 F.3d 824, 834 (5th Cir. 2019)). It is therefore subject to a Rule 12(b)(1) standard of review. *See id.* (applying a 12(b)(1) standard of review). "The burden of proof . . . is on the party asserting jurisdiction." *Id.* (alteration in original) (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)). Unlike a 12(b)(6) standard of review, the court may consider "undisputed facts in the record" or "the court's resolution of disputed facts." *Id.* (quoting *Williams v. Wynne*, 533 F.3d 360, 365 n.2 (5th Cir. 2008)). "A court should dismiss for lack of subject matter jurisdiction only when 'it appears certain that the plaintiff cannot prove any set facts in support of claim that would entitle [him] to relief.'" *Id.* (quoting *Ramming*, 281 F.3d at 161).

   B.  Motion for Summary Judgment

Because the FTCA's time bars are nonjurisdictional, a motion to dismiss based on its statute of limitations is usually considered under a Rule 12(b)(6) standard. *Trinity Marine Prods., Inc. v. United States*, 812 F.3d 481, 486 (5th Cir. 2016). But under Rule 12(d), a district court may convert a motion to dismiss to a motion for summary judgment so long as it gives the parties "ample notice that it may consider extra-pleading material that would require conversion." *Benton v.*

4

*United States*, No. 4:22-CV-71, 2023 WL 4002475, at *2 n.2 (N.D. Miss. June 14, 2023) (quotation omitted). That notice requirement is satisfied when the parties reference matters outside the pleadings. *Id.*; *see also Trinity*, 812 F.3d at 487 (holding that the parties had "ample notice that the district court might consider the extra-pleading material included with the Government's motion to dismiss"); *Boateng v. BP, P.L.C.*, 779 F. App'x 217, 220 (5th Cir. 2019) (finding that plaintiff had "ample notice that the district would [look beyond the pleadings] because he was the party urging the court to [do so]").

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The evidence of the non-movant [must] be believed, and all justifiable inferences [must] be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). When the movant bears the burden of proof for an affirmative defense, it "must establish beyond peradventure all of the essential elements" of that defense. *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)).

III.    Analysis

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule(12)(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming*, 281 F.3d at 161. "This . . . prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.*

The Court therefore first addresses whether Ms. Lee properly presented her claim and then addresses whether she complied with the FTCA's statute of limitations.

A.  Presentment

Ms. Lee properly presented her claim before filing this action. "The FTCA grants a limited waiver of sovereign immunity for tort suits brought against the United States or its agencies." *Pleasant v. U.S. ex rel. Overton Brooks Veterans Admin. Hosp.*, 764 F.3d 445, 448 (5th Cir. 2014) (citing 28 U.S.C. §§ 2674, 2679(a)). But before suing the United States, a plaintiff's claim "must be presented to the appropriate federal agency and be finally denied by the agency in writing." *Id.* (citing 28 U.S.C. § 2675(a)). A plaintiff properly presents her claim if she "(1) gives the agency written notice of his or her claim sufficient to enable the agency to investigate and (2) places a value on his or her claim." *Adams v. United States*, 615 F.2d 284, 289 (5th Cir. 1980).

1.  Notice

Ms. Lee provided sufficient notice for the VA to investigate her claim. The purpose of the FTCA's presentment requirement is served "as long as a claim brings to the Government's attention facts sufficient to enable it thoroughly to investigate its potential liability and to conduct settlement negotiations with the claimant." *Pleasant*, 764 F.3d at 459 (quoting *Rise v. United States*, 630 F.2d 1068, 1071 (5th Cir. 1980)). Though the purpose of the presentment requirement is to "ease court congestion and avoid unnecessary litigation," *Rise*, 630 F.2d at 1071, it is also "meant to benefit claimants and in no way [is] designed to preclude them from their

6

day in court." *Pleasant*, 764 F.3d at 450 (citation omitted). "[T]he presentment requirement [is] one of notice, not proof." *Collins v. United States*, 996 F.3d 102, 110 (2d Cir. 2021); *see also Adams*, 615 F.2d at 290–91 (distinguishing between requirements for the presentation of a claim under 28 U.S.C. § 2675 and the settlement of a claim under 28 U.S.C. § 2672). Consequently, "[a]n agency's demand for anything more than a written and signed statement setting out the manner in which the injury was received, enough details to enable the agency to begin its own investigation[,] and a claim for money damages is unwarranted and unauthorized." *Adams*, 615 F.2d at 292. This is especially true if the agency already possesses most of the information it needs to investigate the claim. *See id.*

Ms. Lee's Notice of Claim included Mr. Lee's full name, birthdate, a summary of the facts leading to Ms. Lee's claim, the legal basis for her claim, and a demand for damages. [1-1] at 1–2. And because the VA treated Mr. Lee, it also already had access to Mr. Lee's medical records and other pertinent information. That information was sufficient for the VA to begin its own investigation. Consequently, the VA's demand for Mr. Lee's death certificate or anything more is "unwarranted and unauthorized." *See Adams*, 615 F.2d at 292.

The Government cites *Blackmon v. United States*, No. 3:20-CV-739, 2021 WL 4254863 (S.D. Miss. Sept. 17, 2021) to argue that Ms. Lee's "skeleton outline of her claim" and her failure to supply Mr. Lee's death certificate warrant dismissal of her claim. [4] at 8. In that case, Blackmon was injured in a car accident with a United States Postal Service ("USPS") worker. *Blackmon*, 2021 WL 4254863, at *1. After

7

Blackmon submitted her initial Notice of Claim, USPS requested her medical records, but Blackmon did not comply. *Id.* Consequently, the Court found that Blackmon did not properly present her claim. *See id.* at \*9. It reasoned that because Blackmon did not provide her doctors' names, the nature of her injuries, or any diagnoses, USPS could not even verify a physical injury had occurred. *Id.*

The Court distinguished Blackmon's case from the plaintiff in *Adams*. *See id.* at \*5–7, 9. In *Adams*, the plaintiff sued the United States after Air Force physicians negligently delivered her baby causing the child to suffer permanent brain damage. *Id.* at \*5; *Adams*, 615 F.2d at 285. After the plaintiff filed her initial Notice of Claim, the Air Force requested more medical records to support her claim. *Adams*, 615 F.2d at 285. The Fifth Circuit found that the Air Force did not need those records to investigate the plaintiff's claims because it already had access to her medical records. *Id.* at 292; *Blackmon*, 2021 WL 4254863, at \*9.

This case is more like *Adams* than *Blackmon*. Ms. Lee's claims revolve around the VA's alleged treatment of her husband in the years before his death. The VA argues it lacks sufficient notice to investigate those claims because Ms. Lee "provides no dates of treatment, no names of any treating physicians or nurses, or any documents to support her claim." [4] at 9. But like in *Adams*, the VA does not need that information because it is already in their possession. Ms. Lee provided adequate notice in her March 17 letter for the VA to investigate her claims, and she should not be denied her day in court for failing to fully comply with the VA's demands. *See Pleasant*, 764 F.3d at 450 (noting the presentment requirement is

"intended to lessen the court case load through fair settlement, not procedural default").[1]

> ### 2. Value

Ms. Lee also properly placed a value on her claim. A plaintiff's written notification of an incident to a federal agency must be "accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death . . . ." 28 C.F.R. § 14.2. In the Fifth Circuit, "substantial compliance with the requirement has been liberally construed, so that the absence of a formal statement of a sum certain in the claim has not defeated [a] court['s] jurisdiction [over] the claim." *Martinez v. United States*, 728 F.2d 694, 697 (5th Cir. 1984). Consequently, the addition of mere "surplus verbiage" to a claim for damages does not render it uncertain. *See id.* (holding that "the presentation of an administrative claim 'in excess of $100,000' is a reasonable compliance with the 'sum certain' requirement of 28 C.F.R. § 14.2") (emphasis omitted).

Ms. Lee's Notice of Claim included a demand for "no less than $1,500,000 in total damages." [1-1] at 3. The addition of the phrase "no less than" is mere surplus language and does not make her claim for damages uncertain. She has

---

[1] The Government also suggests Ms. Lee's failure to supply Mr. Lee's death certificate shows that she "has been eager to avoid the administrative process from the start." [4] at 9. But the VA did not ask for the death certificate until January 9, 2023—over nine months after Ms. Lee sent her Notice of Claim. [3-1] ¶ 7. Apparently, the VA was also not eager to engage in the administrative process.

substantially complied with the sum certain requirement and placed a value on her claim to properly present it to the VA.[2]

Because Ms. Lee gave the VA sufficient notice to investigate her claim and because she placed a value on her claim, she has properly presented her claims as required by 28 U.S.C. § 2675(a). The Court has subject-matter jurisdiction over her case and now considers whether she complied with the FTCA's two-year statute of limitations.

B.  Statute of Limitations

"Under the FTCA, tort actions are barred 'against the federal government unless the claim is first presented to the appropriate federal agency within two years after such claim accrues.'" *Trinity*, 812 F.3d at 487 (quoting *Johnson v. United States*, 460 F.3d 616, 621 (5th Cir. 2006)). A claim is "deemed to have been presented when a Federal agency *receives*" written notification of the claim. 28 C.F.R. § 14.2(a) (emphasis added); *see also Barber v. United States*, 642 F. App'x 411, 414 (5th Cir. 2016) (per curiam) ("Evidence of mailing . . . does not show presentment under the FTCA.") (quotation omitted). "[T]he FTCA's statute of limitations is an affirmative defense for which the Government has the burden of proof." *Trinity*, 812 F.3d at 486.

---

[2] The Government alternatively argues Ms. Lee's damages should be capped at $1.5 million. [4] at 7–8 n.2. A plaintiff may not seek "any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim . . . ." 28 U.S.C. § 2675(b). Because discovery has not even begun, it would be premature for the Court to cap damages at this stage of litigation.

As to accrual, the earliest a wrongful death claim under the FTCA accrues is at the time of the decedent's death. *Johnston v. United States*, 85 F.3d 217, 219–24 (5th Cir. 1996) ("Quite simply, until there is a death, regardless of its underlying cause, there can be no wrongful death action.").[3] At the latest, a wrongful death claim accrues when the plaintiff learns the cause of the decedent's death. *See Waggoner v. United States*, 95 F. App'x 69, 70–72 (5th Cir. 2004) (per curiam) (finding plaintiff's wrongful death claim did not accrue until she received the death certificate informing her that her husband suffered from heart disease).

Ms. Lee's claim accrued on March 24, 2020. Although her husband died on March 23, she did not know the cause of his death until she received the autopsy the next day. Consequently, for her claim to be timely, the VA must have received Ms. Lee's written notification by March 24, 2022. Ms. Lee alleges she met that deadline by mailing her Notice of Claim on March 17 and hand-delivering a second copy on March 21. *See* [8] at 10–11. The Government counters she did not meet that deadline because Ms. Lee supplies no proof that the VA received her letter before March 29.

Accepting all of Ms. Lee's evidence as true and drawing all justifiable inferences in her favor, *see Anderson*, 477 U.S. at 255, she has provided sufficient evidence to show that the VA received her Notice of Claim before March 24, 2022. First, she supplies an email and tracking information from the Post Office showing that someone picked up her March 17 letter on March 18. *See* [7-8]; [7-9] at 1.

---

[3] Federal law determines when a claim accrues under the FTCA. *Johnston*, 85 F.3d at 219.

Though it is unclear who picked up the letter, it is reasonable to infer that someone from the VA picked up the letter. Second, she supplies an Affidavit and photos from her attorney that he left a copy of the letter at the VA's information desk on March 21. *See* [7-6] at 1–2, 7. Arguably, the VA received Ms. Lee's letter when her attorney left it at the information desk. But, at the very least, the VA received the letter when one of its employees collected the letter from the counter. Again, it is reasonable to infer that the letter was collected on or before March 24, 2022, even if the letter was not opened and stamped until March 29.

In sum, the Government has failed to meet its burden to show that Ms. Lee did not comply with the FTCA's statute of limitations. It has not "establish[ed] beyond peradventure" that the VA did not receive Ms. Lee's Notice of Claim until after March 24, 2022. *See Chaplin*, 307 F.3d at 372. Ms. Lee's presentment of her claim was timely, and the Government's motion to dismiss is therefore denied.

IV.    Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the reasons stated, the Court DENIES the Government's [3] Motion to Dismiss.

SO ORDERED AND ADJUDGED this the 11th day of July, 2023.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE